# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VICTOR MATOS, ) <br> ) <br> Defendant. ) | No. ED CR-12-072-JLQ <br><br> MEMORANDUM OPINION and ORDER RE: SUPPLEMENTAL SENTENCING HEARING |

    A sentencing hearing took place in this matter in Riverside, California on Monday, October 28, 2013. The Government was represented by Jerry C. Yang, Assistant United States Attorney. The Defendant appeared in person and with his attorney, Martin G. McCarthy, appearing *pro hac vice.* In accordance with the ongoing practices in Riverside, California, the United States Probation Officer who prepared the Presentence Report (PSR), Robert Klepa, was not in attendance.

    Various issues raised by the parties, the court, and the Presentence Report were addressed at the sentencing hearing, and while initial findings and the proposed sentence were stated by the court, there remained unresolved matters which the court asked the parties and the Probation Officer to address.

    At the October 28, 2013 hearing the court initially ruled that the 2 level enhancement to the Offense Level should not be applied. The Defendant had not objected to the inclusion of that enhancement in ¶ 48 of the PSR. However, the court was under the impression that the only basis for that enhancement, as stated in the PSR, was a car loan of some $35,000 as alleged in Count I of the Indictment.  However, the sentencing Offense Level was calculated using the total loss in the real property Bank Fraud as

ORDER - 1

alleged in Count II if the Indictment. It is Count II that is, in fact, used in the determination of the final Offense Level. The court has reviewed the Plea Agreement (ECF No. 32) to determine the applicability of U.S.S.G. § 2B1.1(b)(11)(C)(1) as it relates to Count II, the major real property bank fraud Count. At page 11 of the Plea Agreement, the Defendant agreed to the fact that he "used E.C.'s name and social security number to apply for (and obtain) two home mortgage loans" in the amount of $1.5 million and $479,000. Such agreed facts and Application Note 9(c)(ii) to the Sentencing Guideline therefor require the addition of the 2 levels in the Offense Level, contrary to the court's initial impression and statements.

While the Defendant's Objection To Presentence Report and Recommendation (ECF No. 44), at page 12, argues that there should be a 2 level reduction in the Offense Conduct by reason of the alleged "minor" role of the Defendant in the offenses, the court did not formally rule on that request at the initial sentencing hearing. However, from the admitted facts in the Plea Agreement, it does not appear that the Defendant is entitled to such a reduction. With a 3 level reduction for acceptance of responsibility and timely entry of the plea of guilty, subject to hearing further from the Defendant, the court determines that a sentencing Offense Level of 22 is the proper Level.

The determination of the Defendant's Criminal History category was another reason for the continuance of the matter and the delay in the entry of Judgment. At the October 28, 2013 sentencing hearing the court found that the Defendant's objections to the addition of 3 points to the Defendant's Criminal History for the 9-29-01 conviction in ¶ 63 of the PSR were well taken. The court determined that in fact the sentence imposed was one of time served and of less than 60 days. Therefore, only 1 Criminal History point is added instead of the original 3 points.

At the initial sentencing hearing the court raised the issue of whether there should be 2 Criminal History points added for each of the 2007 offenses referred to in ¶¶ 65 and 67 of the PSR where sentencing of both charges took place on the same date of August 11,

ORDER - 2

2009. The court afforded counsel the opportunity to further investigate that matter and also requested Officer Klepa to further review that matter. The work of Officer Klepa reflected in the Amended Presentence Report (ECF No. 49) and confirmed by counsel has established that only 2, rather than 4, Criminal History points should be added for those two charges with a common sentencing date.

The foregoing results in a tentative sentencing Offense Level of 22 and a Criminal History of IV, based upon 8 points. (The court notes that the Government's Sentencing Supplement (ECF No. 52) refers to "9" Criminal History points which does not change the Criminal History Category from a IV). The Sentencing Guideline Range based upon the foregoing is 63-78 months. The Defendant now requests a sentence of 44 months. The Government recommends a sentence of 50 months as suggested by the court at the October 28, 2013 hearing.

The foregoing causes the court to afford the Defendant and his attorney the opportunity to further appear and be heard on sentencing. Both the Defendant and his attorney reside in Florida. While the court will certainly hear from the Defendant and counsel in person, if they wish, the Defendant may waive his personal presence in Riverside, California and the court will hear further argument telephonically. This matter must not be unduly delayed further and the Defendant shall promptly notify the court and counsel for the Government as to his choice of further hearings. The court will then schedule the matter. Counsel for the Defendant shall notify the court of his election within ten days of this Memorandum.

One final matter needs to be addressed concerning the amount of restitution. The Plea Agreement (ECF No. 32), at page 8, refers to restitution in the amount of $1,119,270. The court believes that to contain a typographical error and the actual restitution should be $1,199,270. The same transposition exists in ¶ 30 of the Amended PSR. The court believes the restitution to be ordered is that set forth in ¶ 162 of the Amended PSR.

ORDER - 3

1    Nothing in this Order should be construed as criticism, in any manner, of the work
2 product of Probation Officer Klepa. The Presentence Report was thorough and
3 comprehensive. The delay in final resolution of this matter has been caused by the court
4 and counsels' delay in addressing the issues referenced herein until the sentencing hearing.
5    The Clerk shall enter this Order and furnish copies to counsel.
6    Dated this 21st day of November, 2013.

                    s/ Justin L. Quackenbush
                 JUSTIN L. QUACKENBUSH
      SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4